IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRIAN CARRICO; KACIE CARRICO; DON GATLIN; and DORA GATLIN; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UPONOR, INC.; UPONOR NORTH AMERICA, INC.; DOES 1 through 100, inclusive, whose true names are unknown,<br><br>Defendants. | Case No. 3:23-CV-00497<br><br>District Judge Eli Richardson<br><br>Magistrate Judge Jeffrey S. Frensley |

**SPECIALLY APPEARING DEFENDANT UPONOR NORTH AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO (1) COMPEL ARBITRATION; (2) DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND CLASS ALLEGATIONS; AND <u>(3) STRIKE CLASS ALLEGATIONS</u>**

Specially appearing Defendant Uponor North America, Inc. ("UNA") will and hereby does specially appear and move this Court for an order dismissing the Second Amended Complaint ("SAC") filed by Plaintiffs Brian Carrico, Kacie Carrico, Don Gatlin, and Dora Gatlin ("Plaintiffs') as to UNA for lack of personal jurisdiction. Should the Court decline to dismiss the SAC as to UNA for lack of personal jurisdiction, then UNA moves the Court to (1) compel individual arbitration, or, alternatively, to (2) dismiss Plaintiffs' SAC and class allegations, and (3) to strike the SAC's class allegations (the "Motion").

UNA makes this Motion pursuant to Federal Rule of Civil Procedure 12(b)(2), as well as relevant case law, on the grounds that neither general personal jurisdiction, nor specific personal jurisdiction, exists over UNA, including because UNA does not have sufficient "minimum contacts" with Tennessee to justify the exercise of jurisdiction over it at all, much less in a manner

that would be reasonable, fair, consistent with substantial justice and with applicable/controlling legal precedent concerning personal jurisdiction.

In the alternative, UNA seeks relief in this Motion pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), 23(c)(1)(A), and 23(d)(1)(D), along with the Federal Arbitration Act ("FAA"). Specifically:

1. The Court should compel Plaintiffs to arbitrate their claims on an individual basis pursuant to the arbitration clause contained in the binding express warranty applicable to and governing any Uponor product at issue in this action – including the referenced cross-linked polyethylene pipe ("PEX").

2. If the Court does not compel this action to arbitration, then it should dismiss Plaintiffs' claims and strike their class allegations as follows:

    a. Plaintiffs' only remaining claims, for strict liability and negligence, should be dismissed because they are barred by Tennessee's economic loss rule.

    b. Plaintiffs' only remaining claims, for strict liability and negligence, should be dismissed because Plaintiffs have failed to plead facts establishing the essential element of causation.

    c. Plaintiffs' class allegations should be stricken in their entirety because Plaintiffs' proposed class definition is overbroad and not ascertainable on its face.

This Motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the concurrently filed Declarations of John R. Schleiter, Stacey Beissel (including the attachment thereto), and Michael Rauterkus; the concurrently filed Request for Judicial Notice and Exhibit 1 thereto; the pleadings, records and files in this action; and such other oral and documentary evidence as may be presented at or before any hearing on this Motion.

2

172485341v1
Case 3:23-cv-00497    Document 68    Filed 06/13/24    Page 2 of 4 PageID #: 1716

Pursuant to Civil Local Rule 7.01, counsel for UNA has previously conferred with Plaintiffs' counsel regarding the dispute discussed herein, and based on the fact that the Court found the previously-filed and fully briefed motion by UNA to be mooted as a result of the filing of the SAC, and the fact that Plaintiffs' counsel previously opposed the motion, UNA understands that Plaintiffs will oppose the instant Motion as well.

| | |
|---|---|
| Dated: June 13, 2024 | By: /s/ M. Andrew Pippenger |
| | M. Andrew Pippenger, BPR 018183 |
| | PURYEAR LAW GROUP |
| | 104 Woodmont Boulevard |
| | Woodmont Centre, Suite 201 |
| | Nashville, TN 37205 |
| | Tel: (615) 630-6601 |
| | Fax: (615) 630-6602 |
| | apippenger@puryearlawgroup.com |
| | |
| | *Attorney for Specially Appearing Defendant Uponor North America, Inc.* |

**CERTIFICATE OF SERVICE**

      I, the undersigned attorney, do hereby certify that on June 13, 2024, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF filing system which automatically sends email notifications of such filing to the following attorneys of record:

Andrew J. Pulliam (Tenn. BPR No. 016863)
James C. Bradshaw III (Tenn. BPR No. 013170)
J. Graham Matherne (Tenn. BPR No. 011294)
Ann Weber Langley (Tenn. BPR No. 038070)
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1050
Nashville Tennessee 37201
Telephone: (615) 244-0020
Fax: (615) 256-1726
Email: apulliam@wyattfirm.com
Email: jbradshaw@wyattfirm.com
Email: gmatherne@wyattfirm.com
Email: alangley@wyattfirm.com

*Attorneys for Plaintiffs*

                                                          /s/ M. Andrew Pippenger
                                                           M. Andrew Pippenger