# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRIAN CARRICO; KACIE CARRICO; DON GATLIN; and DORA GATLIN; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UPONOR, INC.; UPONOR NORTH AMERICA, INC.; DOES 1 through 100, inclusive, whose true names are unknown,<br><br>Defendants. | Case No. 3:23-CV-00497<br><br>District Judge Eli Richardson<br><br>Magistrate Judge Jeffrey S. Frensley |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIALLY APPEARING DEFENDANT UPONOR NORTH AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO (1) COMPEL ARBITRATION; (2) DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND CLASS ALLEGATIONS; AND (3) STRIKE CLASS ALLEGATIONS**

Specially appearing Defendant Uponor North America, Inc. ("UNA") hereby moves for an order taking judicial notice of the following document in support of its concurrently filed Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively to (1) Compel Arbitration; (2) Dismiss Plaintiffs' Second Amended Complaint and Class Allegations; and (3) Strike Class Allegations (the "Motion").

Exhibit 1: July 27, 2022 Order entered by the Superior Court for the State of California for the County of San Francisco, Granting UNA's Motion to Quash Service of Summons and First Amended Complaint for Lack of Personal Jurisdiction.

The Court may take judicial notice of Exhibit 1 pursuant to Federal Rules of Evidence 201(b) and (c), which provide that facts which are "not subject to reasonable dispute" can be judicially noticed, and a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See also Chase Bank USA, N.A. v. City of Cleveland*,

695 F.3d 548, 553 n. 2 (6th Cir. 2012) ("We can take judicial notice of developments in related 'proceedings in other courts of record.'"); *Creasy v. Frink*, No. 3:22-cv-00034, 2022 U.S. Dist. LEXIS 203248, at *5 n.2 (M.D. Tenn. Nov. 8, 2022) ("The court takes judicial notice of the state court's order dismissing the petitioner's post-conviction opinion . . . .").

| | |
|---|---|
| Dated: June 13, 2024 | By: /s/ M. Andrew Pippenger |
| | M. Andrew Pippenger, BPR 018183 |
| | PURYEAR LAW GROUP |
| | 104 Woodmont Boulevard |
| | Woodmont Centre, Suite 201 |
| | Nashville, TN 37205 |
| | Tel: (615) 630-6601 |
| | Fax: (615) 630-6602 |
| | apippenger@puryearlawgroup.com |
| | |
| | *Attorney for Specially Appearing Defendant* |
| | *Uponor North America, Inc.* |

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on June 13, 2024, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF filing system which automatically sends email notifications of such filing to the following attorneys of record:

Andrew J. Pulliam (Tenn. BPR No. 016863)
James C. Bradshaw III (Tenn. BPR No. 013170)
J. Graham Matherne (Tenn. BPR No. 011294)
Ann Weber Langley (Tenn. BPR No. 038070)
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1050
Nashville Tennessee 37201
Telephone: (615) 244-0020
Fax: (615) 256-1726
Email: apulliam@wyattfirm.com
Email: jbradshaw@wyattfirm.com
Email: gmatherne@wyattfirm.com
Email: alangley@wyattfirm.com

*Attorneys for Plaintiffs*

/s/ M. Andrew Pippenger
M. Andrew Pippenger

2

1  Jeffrey M. Goldman (SBN 233840)
       E-mail: jeffrey.goldman@troutman.com
2  Matthew H. Ladner (SBN 284594)
       E-mail: matthew.ladner@troutman.com
3  Sevana Haroutunian (SBN 315037)
       E-mail: sevana.haroutunian@troutman.com
4  **TROUTMAN PEPPER HAMILTON SANDERS LLP**
   350 South Grand Avenue, Suite 3400
5  Los Angeles, CA 90071
   Telephone: 213.928.9800
6  Facsimile:  213.928.9850

7  *Attorneys for Specially Appearing Defendant*
   UPONOR NORTH AMERICA, INC.

8

**FILED**
Superior Court of California
County of San Francisco

JUL 2 7 2022

CLERK OF THE COURT
BY: _____
                                  Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN FRANCISCO**

9

10  BLOCK 6 JOINT VENTURE LLC, a
   Delaware limited liability company,

11                          Plaintiff,

          v.

12

13  BALFOUR BEATTY CONSTRUCTION
   COMPANY, INC. and CAHILL
14  CONTRACTORS, INC., A JOINT
   VENTURE, a California joint venture dba
15  BB/CC; BALFOUR BEATTY
   CONSTRUCTION COMPANY, INC., a
16  Nevada Corporation; CAHILL
   CONTRACTORS, INC., a California
17  Corporation; BALFOUR BEATTY
   CONSTRUCTION, LLC, a Delaware limited
18  liability company; BROADWAY-O'BRIEN
   MECHANICAL INC., a California joint
19  venture; BROADWAY MECHANICAL-
   CONTRACTORS, INC., a California
20  corporation; O'BRIEN MECHANICAL,
   INC. II; a California Corporation; HAROLD
21  EUGENE HAWES, an individual; UPONOR
   NORTH AMERICA, INC., a Delaware
22  corporation; CAL-STEAM, a division of
   FERGUSON ENTERPRISES, LLC, a
23  Virginia limited liability company; CAL
   STEAM, INC. aka CAL STEAM SUPPLY
24  aka WIA OF CALIFORNIA , INC., a
   Virginia Corporation; FERGUSON
25  ENTERPRISES, INC. aka FERGUSON US
   HOLDINGS, INC., a Virginia Corporation;
26  OSBORNE COMPANY, INC., a business
   entity of unknown form; and DOES 1
27  through 100, inclusive,

                    Defendants.

28

Case No.  CGC–22–599085
[Honorable ~~Suzanne R. Bolanos~~]

[Unlimited Jurisdiction]   **RICHARD B. ULMER**

**[~~PROPOSED~~] ORDER GRANTING
SPECIALLY APPEARING DEFENDANT
UPONOR NORTH AMERICA, INC.'S
MOTION TO QUASH SERVICE OF
SUMMONS AND FIRST AMENDED
COMPLAINT FOR LACK OF
PERSONAL JURISDICTION**

Date:     July 27, 2022
Time:     9:30 a.m.
Dept.:    Dept. 302

Complaint Filed:  April 7, 2022
FAC Filed:         April 20, 2022

126642794v1

[~~PROPOSED~~] ORDER

1

EXHIBIT

1

Specially Appearing Defendant Uponor North America, Inc.'s ("UNA") Motion to Quash Service of the Summons and First Amended Complaint filed by Plaintiff Block 6 Joint Venture, LLC ("Block 6") for lack of personal jurisdiction is **GRANTED**.

Defendant UNA contends that it has no contacts with California to warrant imposition of either general or specific jurisdiction. As an initial matter, Plaintiff bears the burden of proof on the propriety of jurisdiction. Even though a defendant is the moving party on a motion to quash, the plaintiff bears the burden of proof to establish a proper basis for asserting jurisdiction. (*Floveyor International v. Superior Court* (1997) 59 Cal.App.4th 789, 793-794.) The Court has reviewed Plaintiff's supplemental material and finds again that Plaintiff has failed to meet their burden.

In this case, the Court finds there is no basis for the assertion of jurisdiction over UNA. First, Plaintiff argues the Court may assert general or alternatively specific jurisdiction. "To comport with federal and state due process, California courts may only exercise jurisdiction when a defendant has sufficient minimum contacts with the state to satisfy 'traditional notions of fair play and substantial justice.'" (*Strasner v. Touchstone Wireless Repair & Logistics, LP* (2016) 5 Cal.App.5th 215, 221.) There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. (*DVI, Inc. v. Sup. Ct.* (2002) 104 Cal.App.4th 1080, 1090.) General jurisdiction over a defendant exists where the defendant's contacts are substantial, continuous and systematic. (Id.) Specific jurisdiction, on the other hand, requires the plaintiff to show that the defendant purposefully availed himself of forum benefits with respect to the matter in controversy; that the controversy is "related to or arises out of the defendant's contacts with the forum; and that the exercise of jurisdiction would comport with fair play and substantial justice. (Id.) "A parent company purposefully avails itself of forum benefits through the activities of its subsidiary, as required to justify the exercise of specific personal jurisdiction, if and only if the parent deliberately directs the subsidiary's activities in, or having a substantial connection with, the forum state. Only in those circumstances should the parent company "reasonably anticipate being haled into court"[...]." (*HealthMarkets, Inc. v. Superior Court* (2009) 171 Cal.App.4th

TROUTMAN PEPPER HAMILTON SANDERS LLP
TWO CALIFORNIA PLAZA
SUITE 3400
LOS ANGELES, CA 90071

TROUTMAN PEPPER HAMILTON SANDERS LLP
TWO CALIFORNIA PLAZA
SUITE 3400
LOS ANGELES, CA 90071

1160, 1169.) Accordingly, "[t]he mere ownership of a subsidiary does not subject a nonresident parent company to specific personal jurisdiction based on the subsidiary's forum contacts." (Id.)

Plaintiffs presents certain website pages attached to the MacDonald Declaration claiming UNA has conducted business in California and owns Uponor, Inc. such that California has jurisdiction over UNA. Specifically, Plaintiff relies on Mr. Schleiter's Linked-In page which states, "Uponor North America, [is] a publicly traded manufacturing company [...]." (Supp. MacDonald Decl, Exh. A.) Plaintiff asserts that UNA owns the www.uponor.com website. (Supp. Schleiter Decl. para. 8, lines 23-24). The website stats, "that "Uponor North America has manufacturing in Apple Valley as well as Hutchinson, Minn." and lists 14 distributors in the San Francisco Bay Area. (MacDonald Decl., Exh. 2; 5.) Uponor Corp.'s CEO and President Jyri Luomakoski in his August 2, 2013 affidavit in *George v. Uponor Corp.* (D. Minn. 2013) 988 F. Supp. 2d 1056, where he stated: "Uponor, Inc.'s shares are owned by Hot Water Systems North America, Inc. The shares of Hot Water Systems North America, Inc., are owned by Uponor North America, Inc." (MacDonald Decl; Exh 9.) However, UNA asserts it is incorporated in Delaware, headquartered in Minnesota, UNA does not transact business in California, [and] UNA does not have offices, employees, assets, or any physical presence in California. (Supp. Schleiter Declaration.) Moreover, UNA's declarations show that UNA is an out-of-state holding company that does not manufacture, distribute, supply, or sell any products at all, let alone in California. (Id.) UNA also does not directly own, and does not control, Uponor, Inc. (Id.)

The Court finds Plaintiff has failed to present competent evidence that UNA, as a corporate entity, has contacts with, in or directed at California that support the imposition of general or specific jurisdiction. The numerous unauthenticated websites provided by Plaintiff do not show substantial, continuous and systemic contacts to confer general jurisdiction over UNA. The mere fact that the website is publicly available or that an employee lists fact about the company on his personal LinkedIn page does not demonstrate that it is not reasonably subject to dispute. (See *Huitt v. Southern Cal. Gas Co.* (2010) 188 Cal.App.4th 1586, 1604, fn. 10.) Jurisdictional facts must be proved by admissible evidence at the hearing on the motion to quash. This generally requires declarations by competent witnesses. A properly verified complaint may

[PROPOSED] ORDER

TROUTMAN PEPPER HAMILTON SANDERS LLP
TWO CALIFORNIA PLAZA
SUITE 3400
LOS ANGELES, CA 90071

1  be treated as a declaration for this purpose (*Borsuk v. Appellate Division of Sup.Ct.* (2015) 242

2  Cal.App.4th 607, 614), however an unverified pleading has no evidentiary value. Here the

3  websites presented are not verified. The only admissible evidence provided by Plaintiff are emails

4  regarding settlement negotiations between UNA and Plaintiff containing conclusory language,

5  and no supporting facts related to jurisdiction. In other words, no real facts have been offered let

6  alone facts which would carry the burden of proof. Here, none of Plaintiff's evidence

7  demonstrates that UNA conducted an extensive portion of business in California. The current

8  record also fails to establish that UNA purposefully directed its activities at California.

9        Finally, Plaintiff argues regardless, the Court can assert jurisdiction over UNA under

10  principles of agency. Plaintiff argues that UNA owns the entity, Hot Water Systems, Inc., that

11  owns Uponor, Inc. The general rule is that where jurisdiction exists over a subsidiary corporation,

12  mere ownership by a parent corporation of that subsidiary, is insufficient to warrant imposition of

13  jurisdiction over the parent corporation. (*Sonora Diamond Corp. v. Superior Court* (2000) 83

14  Cal.App.4th 523, 553.) The court in *Sonora* went on to explain that additional facts and evidence

15  beyond mere ownership could, judged on a case by case basis, support a finding of jurisdiction.

16  "The Sonora court identified three circumstances in which jurisdiction may exist over the parent

17  corporation based upon its subsidiaries contacts with the forum state. First, general jurisdiction

18  may exist when evidence establishes the parent and the subsidiary are alter egos. [Citation

19  omitted]. The party asserting alter ego liability must establish (1) such a unity of interest and

20  ownership between the corporation and its equitable owner that the separate personalities of the

21  corporation and the shareholder do not in reality exist and (2) an inequitable result if the acts in

22  question are treated as those of the corporation alone. [Citation].... Second, the *Sonora* court

23  explained the representative services doctrine (a species of agency) supports the exercise of

24  jurisdiction when the local subsidiary performs a function that is compatible with, and assists the

25  parent in the pursuit of, the parent's own business. [Citation]. Third, the *Sonora* court recognized

26  [a]gency may confer general jurisdiction in the forum state over a foreign corporation, but only

27  where the nature and extent of the control exercised over the subsidiary by the parent is so

28  pervasive and continual that the subsidiary may be considered nothing more than an agent or

4

[PROPOSED] ORDER

instrumentality of the parent, notwithstanding the maintenance of separate corporate formalities....

The nature of the parent's control over the subsidiary must be over and above that to be expected as an incident of the parent's ownership of the subsidiary, but must reflect the parent's purposeful disregard of the subsidiary's independent corporate existence." (*DVI, Inc, supra,* 104 Cal.App.4th at 1094.) In this case, UNA does not own the stock or assets of Uponor or control Uponor's operations and decision making. (Schleiter Decl., ¶ 10.) The mere fact that UNA is the parent company is not sufficient to find the requisite contacts in California by UNA as a corporate entity. UNA is a separate entity from Uponor and must be judged by its own contacts. "The proper jurisdictional question is not whether the defendant can be liable for the acts of another person or entity under state substantive law, but whether the defendant has purposefully directed its activities at the forum state by causing a separate person or entity to engage in forum contacts. That constitutional question does not turn on the specific state law requirements of alter ego or agency, although the inquiry may be similar in some circumstances." (*Anglo Irish Bank Corp., PLC v. Superior Court* (2008) 165 Cal.App.4th 969, 983.) Here, while it is undisputed that UNA is—at least indirectly—the parent company of Uponor, this is inadequate to establish personal jurisdiction. As stated above, much of the evidence introduced by Plaintiff in support of the opposition is not admissible. Regardless, Plaintiff's opposition and proffered evidence suggest a theory that may be adequate to support the exercise of personal jurisdiction over UNA. (See *Anglo Irish Bank Corp., PLC v. Superior Court,* supra, 165 Cal.App.4th at p. 984 [specific personal jurisdiction established based on actions of subsidiary's employees who "visited California to meet with potential investors at the specific request of the [parent company]"; business card identifying employee as affiliated with parent company and "the need to obtain approval from the [parent company] to make the loans are further evidence" that employee "was acting on behalf of the [parent company] as well as the other entities"].) Here, the Court finds based on the admissible evidence UNA has established that there is no connection between the conduct of UNA and the alleged wrongdoing to support jurisdiction in a California court.

///

///

[PROPOSED] ORDER

TROUTMAN PEPPER HAMILTON SANDERS LLP
TWO CALIFORNIA PLAZA
SUITE 3400
LOS ANGELES, CA 90071

1   **IT IS SO ORDERED.**

2

3   Dated:    7/27/20

                                                      $\mathcal{L}h$
4                                                   _____
                                                    The Honorable ~~Suzanne R. Bolanos~~
                                                    Judge of the San Francisco County  RICHARD B. ULMER
5                                                   Superior Court

6   Submitted by:

7

8   _Jeff Mdd_____

9   Jeffrey M. Goldman
    TROUTMAN PEPPER HAMILTON SANDERS LLP
10  Attorneys for Specially Appearing Defendant
    Uponor North America, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[~~PROPOSED~~] ORDER