# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRIAN CARRICO; KACIE CARRICO; DON GATLIN; and DORA GATLIN; individually and on behalf of all others similarly situated, | |
| **Plaintiffs,** | **Case No. 3:23-CV-00497** |
| v. | **District Judge Eli Richardson** |
| UPONOR, INC.; UPONOR NORTH AMERICA, INC.; DOES 1 through 100, inclusive, whose true names are unknown, | **Magistrate Judge Jeffrey S. Frensley** |
| **Defendants.** | |

## DECLARATION OF MICHAEL RAUTERKUS IN SUPPORT OF SPECIALLY APPEARING DEFENDANT UPONOR CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO (1) COMPEL ARBITRATION; (2) DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND CLASS ALLEGATIONS; AND (3) STRIKE CLASS ALLEGATIONS

I, Michael Rauterkus, declare as follows:

1.     I am the President and Chief Executive Officer of Uponor Corporation ("UC").

2.     I offer this Declaration in support of UC's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to (1) Compel Arbitration; (2) Dismiss Plaintiffs' First Amended Complaint and Class Allegations; and (3) Strike Class Allegations.

3.     I have personal knowledge of the matters stated in this Declaration based on my position with UC, which I have held since August 2021, as well as on my review of records that were made in the regular course of business of UC and were made at the time of the act, transaction, occurrence, or event referred to herein, or within a reasonable time thereafter. If called and sworn as a witness, I could and would competently testify to the matters stated in this Declaration.

163192417v2

4.    I am personally familiar with UC's general business activities, corporate structure and organization, as well as UC's interactions with Uponor, Inc. ("UI") and Uponor North America, Inc. ("UNA").

5.    UC is a Finnish holding company with its principal place of business in Helsinki, Finland.  UC's stock is traded on the Nasdaq Helsinki Exchange.

6.    UC is the direct and indirect parent company of various other entities, including UI and UNA which, together with UC, are often collectively all referred to as the "Uponor Group". Uponor Group is not an entity itself, but is simply how UC refers to the collective group of Uponor subsidiary companies for convenience, marketing purposes, and in various written materials.

7.    At all relevant times, UC was a holding company that did not have any contacts with Tennessee.

8.    UC does not design, install, manufacture, construct, assemble, inspect, distribute, supply, ship, or sell blue and red colored cross-linked polyethylene tubing ("PEX"), or any other products, directly or indirectly in and/or into Tennessee.

9.    UC is not authorized, licensed, qualified, registered, or chartered to transact any business in Tennessee.

10.    UC does not transact business in Tennessee, and it has never paid taxes to the State of Tennessee.

11.    UC does not have offices, employees or bank accounts in Tennessee, and UC has never employed any agents to solicit business, sell, or manufacture products in Tennessee.

12.    UC has never had any place of business in Tennessee and has never established, or sought to establish, a physical presence in Tennessee.

DocuSign Envelope ID: 3E1EC685-D7E9-4B17-AD40-2522BD4B3F45

13.     UC has no assets in Tennessee, has never owned, leased or possessed any real estate in Tennessee, and has never maintained a post office box, mailing address, telephone listing or bank account in Tennessee.

14.     I have reviewed the First Amended Complaint ("FAC") filed by Plaintiffs in the above-captioned action. UC did not design, manufacture, construct, assemble, inspect, distribute, supply, sell, or warrant the PEX allegedly installed in the properties at issue in this lawsuit, *i.e.*, Plaintiffs' properties located in Hendersonville, Tennessee.

15.     UC is a separate and distinct corporate entity from UI and UNA, both of which are indirect and remote subsidiaries of UC.  At all times relevant to the proposed class period as set out in paragraph 87 of the First Amended Complaint (2009 through 2021) neither UC, nor its predecessors, have ever  controlled, directed or managed the operations of UI or UNA and at all times relevant to the homes of the named Plaintiffs as referenced in paragraphs  36 and 37 of the First Amended Complaint UC never held a direct ownership interest in UI or UNA.

16.     UI and UNA enter into contracts and agreements with other business entities without the involvement of UC.

17.     UC does not pay UI's or UNA's payroll and benefits, or fund their retirement plans.

18.     Officers and employees of UI and UNA are responsible for the day-to-day operations of those companies.  UC does not make or control the day-to-day decision-making or operations of UI or UNA, or control those companies' internal affairs.  UC does not make corporate decisions for UI or UNA. UC does not participate in the manufacturing operations of UI and had no involvement in the implementation of the techniques or processes used by UI in the manufacture of red and blue PEX products as referred to in the First Amended Complaint.

19.     UC maintains separate corporate books and records from those maintained by UI and UNA.

20.     UC maintains separate bank accounts from those of UI and UNA.

21.     The overall assets of UC are maintained separately from those of UI and UNA.

22.     UC maintains all corporate formalities, including those relates to subsidiaries, as required by appropriate accounting rules and procedures.

23.     The Board of Directors of UC does not have the same membership as the Boards of UI and UNA, and the officers of UC are not the same as the officers of UI and UNA.

24.     UI does not perform any service, or engage in any activities, in Tennessee on behalf of UC.

25.     The FAC filed by Plaintiffs in this action contains various inaccurrate statements regarding the alleged nature of UC's interactions with other "Uponor" entities including UI and UNA.  Specifically:

a.     In paragraph 12 of the FAC, Plaintiffs state that UI "operates as an extension of the business" of both UC and UNA.  However, as described above, UC, UI, and UNA are, and operate as, separate companies, and the day-to-day business operations of UI and UNA are conducted and controlled by those companies' officers and employees—including UI's manufacturing operations.

b.     In paragraphs 13-14 of the FAC, Plaintiffs allege, purportedly based on statements contained in UC's 2022 Annual Review Report, that "the Uponor entities view themselves as a single enterprise divided by geographic reporting regions," because UC "refers to itself and its subsidiaries as 'the Uponor Group,' a single business enterprise engaged in selling plumbing and infrastructure products worldwide."  But, as explained above, the use of the phrase

"Uponor Group" is simply a short-hand reference to collectively refer to "Uponor" related entities in marketing materials, as well as in documents such as its Annual Review Report. Collectively referring to the companies in this manner is convenient and consistent with the fact that "Uponor" related corporate entities world-wide are separate but affiliated entities. Notwithstanding this colloquial use of the phrase "Uponor Group", it remains true that UC, UI, and UNA are separate and distinct companies, each of which observes corporate formalities and is independently responsible for its day-to-day operations - with neither UC nor UNA involved in the actual manufacture of the PEX products involved in this matter. Statements by UC that may suggest the companies share a common culture, values, or management strategies, do not detract from the facts set forth in this Declaration regarding UC's, UI's, and UNA's organizational structure, management, operations, and finances, all of which are separate and distinct.

       c.      In paragraphs 15-16 of the FAC, Plaintiffs make reference to statements from the website www.uponorgroup.com and an employee handbook, which, according to them indicates that UC and related companies may operate as a single enterprise. However, the referenced statements are not intended to, nor do they, communicate in detail the organizational structure, management personnel, operations, or finances of UC and other "Uponor" entities. Instead, these materials are intended to provide general information to customers and employees in a convenient, easy-to-understand, and accessible manner. These materials are not intended to, and in fact do not, govern, reflect or fully describe the corporate structure and interactions (or lack thereof) by and between UC, UI, and UNA, as described herein.

       I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DocuSign Envelope ID: 3E1EC685-D7E9-4B17-AD40-2522BD4B3F45

Executed this 9th day of October, 2023 at Helsinki, Finland.

By: _Michael Rauterkus_

Signature
Michael Rauterkus
President & CEO, Uponor Corporation