IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRIAN CARRICO; KACIE CARRICO; DON GATLIN; and DORA GATLIN; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UPONOR, INC.; UPONOR NORTH AMERICA, INC.; DOES 1 through 100, inclusive, whose true names are unknown,<br><br>Defendants. | Case No. 3:23-CV-00497<br><br>District Judge Eli Richardson<br><br>Magistrate Judge Jeffrey S. Frensley |

**DEFENDANT UPONOR NORTH AMERICA, INC.'S REPLY IN SUPPORT
OF REQUEST FOR JUDICIAL NOTICE**

In its Request for Judicial Notice ("**RJN**"), UNA asks the Court to judicially notice a recent decision from the San Francisco County Superior Court dismissing UNA in a PEX-related lawsuit for lack of personal jurisdiction, on the ground that UNA is merely an out-of-state holding company that does not manufacture, distribute or sell any products in the United States, including in California (the "**California Decision**"). (Dkt. No. 68-2). Plaintiffs, who received a copy of the decision from UNA's counsel prior to the current Complaint being filed, oppose the RJN on the alleged basis that facts regarding UNA's forum contacts in Tennessee are in dispute, and therefore the California Decision somehow fails to meet the requirements for judicial notice under the applicable Federal rules. This argument fails to withstand scrutiny.

Notwithstanding the purported basis of their Opposition to UNA's RJN, in their Second Amended Complaint ("**SAC**") and Opposition briefing, Plaintiffs unabashedly ask the Court to not only consider, but also rely upon, various out-of-state decisions involving different "Uponor" entities – decisions which are uniformly irrelevant insofar as they apply outdated and superseded

1

173190808v2
Case 3:23-cv-00497    Document 82    Filed 07/08/24    Page 1 of 3 PageID #: 2819

jurisdictional standards, and do not show that UNA has any forum contacts with Tennessee. In addition, Plaintiffs have expressly referred to UNA's supposed forum contacts throughout the United States, including in California. (SAC ¶¶ 17, 22, 24; Opp. at 4, 10).

Simply put, other than for litigation expediency, there is no basis for Plaintiffs' inconsistent assertion that (i) the "Court can consider facts found in other cases" as "evidence in assisting Plaintiffs to make a prima facie case that there is jurisdiction over UNA"; but (ii) "the Court cannot take judicial notice" of the California order because "facts about [UNA's] purported availment in Tennessee are disputed." (Opp. at 12 n. 14). Plaintiffs tellingly do not cite any law for this "heads-I-win-tails-you-lose" approach, and they cannot justify a double-standard which only allows for the consideration of evidence Plaintiffs deem beneficial to their position.

Because there is no question the California court entered the California Decision and made the findings therein, judicial notice is warranted. *See, e.g.*, *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 n. 2 (6th Cir. 2012) ("We can take judicial notice of developments in related 'proceedings in other courts of record.'"); *Creasy v. Frink*, No. 3:22-cv-00034, 2022 U.S. Dist. LEXIS 203248, at *5 n.2 (M.D. Tenn. Nov. 8, 2022) ("The court takes judicial notice of the state court's order dismissing the petitioner's post-conviction opinion . . . .").

Dated: July 8, 2024  By:   /s/ M. Andrew Pippenger
                           M. Andrew Pippenger, BPR 018183
                           Puryear Pippenger & Cook PLLC
                           104 Woodmont Centre, Suite 201
                           Nashville, TN 37205
                           423-521-1201 (phone)
                           apippenger@ppclaw.com

                           *Attorney for Specially Appearing
                           Defendant Uponor North America, Inc.*

# CERTIFICATE OF SERVICE

       I, the undersigned attorney, do hereby certify that the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF filing system which automatically sends email notifications of such filing to the following attorneys of record:

Andrew J. Pulliam (Tenn. BPR No. 016863)
James C. Bradshaw III (Tenn. BPR No. 013170)
J. Graham Matherne (Tenn. BPR No. 011294)
Ann Weber Langley (Tenn. BPR No. 038070)
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1050
Nashville Tennessee 37201
Telephone: (615) 244-0020
Fax: (615) 256-1726
Email: apulliam@wyattfirm.com
Email: jbradshaw@wyattfirm.com
Email: gmatherne@wyattfirm.com
Email: alangley@wyattfirm.com

*Attorneys for Plaintiffs*

                                                                 /s/ M. Andrew Pippenger
                                                                 M. Andrew Pippenger