# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

BRIAN CARRICO; KACIE CARRICO; DON GATLIN; and DORA GATLIN; individually and on behalf of all others similarly situated,

Plaintiffs,

v.

UPONOR, INC.; UPONOR NORTH AMERICA, INC.; DOES 1 through 100, inclusive, whose true names are unknown,

Defendants.

Case No. 3:23-CV-00497

District Judge Eli Richardson

Magistrate Judge Jeffrey S. Frensley

## DEFENDANTS' ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

COME NOW, Defendants Uponor, Inc., Uponor North America, Inc., and Uponor Corporation (collectively, "Defendants"), and hereby answer the Fourth Amended Complaint ("FAC") filed by Plaintiffs Brian Carrico, Kacie Carrico, Don Gatlin, and Dora Gatlin, (collectively "Plaintiffs"), as follows[1]:

## I. INTRODUCTION

1. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny the allegations.

## II. THE PARTIES

2. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore deny the allegations.

---

[1] Defendants filed a partial Motion to Dismiss Plaintiffs' Fourth Amended Complaint contemporaneous with this Answer, moving to dismiss the Tennessee Consumer Protection Act claims and striking the class definition as currently alleged in this Complaint.

3. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore deny the allegations.

4. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore deny the allegations.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore deny the allegations.

### III. JURISDICTION AND VENUE

9. Defendants deny that the Court should certify a class and deny that the amount in controversy would exceed $5 million as alleged in Paragraph 9.

10. Defendants deny that the Court may exercise personal jurisdiction over UNA or UC as alleged in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the characterization of the written document as alleged in Paragraph 14 and its subparts.

15. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore deny the allegations.

16. Paragraph 16 references a written document, the terms of which speak for themselves.

2

17. To the extent the allegations in this Paragraph reference Uponor marketing and/or promotional materials, the materials speak for themselves.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the characterization or implications of the written documents referenced in Paragraph 19, the terms of which speak for themselves.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the characterization or implications of the written documents referenced in Paragraph 21, the terms of which speak for themselves.

22. Defendants deny the characterization or implications of the written documents referenced in Paragraph 22, the terms of which speak for themselves.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore deny the allegations.

### IV. NATURE OF DEFENDANTS TRADE AND COMMERCE

27. Defendants admit that Uponor, Inc. manufactures "PEX" that it "distributed, and/or sold Uponor PEX for use in water plumbing systems in residences and structures throughout the United States, including but not limited to Plaintiffs' Homes, the homes and other structures owned by other members of the Class, and all other similarly situated homes and structures", but denies the remaining allegations contained in Paragraph 27, and denies the allegations entirely to the extent they are directed towards Uponor North America, Inc., and Uponor Corporation.

3

28. Defendants admit that Uponor, Inc., manufactures "PEX' and that it "distributed, and/or sold Uponor PEX for use in potable water plumbing systems throughout the United States", but denies the remaining allegations contained in Paragraph 28, and denies the allegations entirely to the extent they are directed towards Uponor North America, Inc., and Uponor Corporation.

29. Defendants admit that "PEX stands for cross-linked polyethylene" but denies the remaining allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. To the extent the allegations in Paragraph 32 reference written materials, the materials speak for themselves.

33. To the extent the allegations in Paragraph 33 reference written materials, the materials speak for themselves. Defendants deny the remaining allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. The allegations in Paragraph 35 reference written materials which speak for themselves.

36. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 because Plaintiffs do not identify the document or advertisement. Defendants therefore deny the allegations.

37. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 because Plaintiffs do not identify the document or advertisement. Defendants therefore deny the allegations.

38.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 because Plaintiffs do not identify the document or advertisement. Defendants therefore deny the allegations.

39.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 because Plaintiffs do not identify the document or advertisement. Defendants therefore deny the allegations.

40.     Defendants deny the allegations contained in Paragraph 40.

41.     Defendants deny the allegations contained in Paragraph 41.

## V. FACTUAL ALLEGATIONS

42.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore deny the allegations.

43.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 and therefore deny the allegations.

44.     Defendants deny the allegations contained in Paragraph 44.

45.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45 and therefore deny the allegations.

46.     Defendants deny the allegations contained in Paragraph 46 as stated.

47.     Defendants deny the allegations contained in Paragraph 47.

48.     Defendants deny the allegationsin Paragraph 48 as stated.

49.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 49 and therefore deny the allegations.

50.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore deny the allegations.

5

51.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 51 and therefore deny the allegations.

52.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 52 and therefore deny the allegations.

53.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 53 and therefore deny the allegations.

54.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 54 and therefore deny the allegations.

55.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 55 and therefore deny the allegations.

56.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 56 and therefore deny the allegations.

57.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 57 and therefore deny the allegations.

58.     Defendants deny the allegations contained in Paragraph 58.

59.     Defendants deny the allegations contained in Paragraph 59.

60.     Defendants deny the allegations contained in Paragraph 60.

61.     Defendants deny the allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62.

63.     Defendants deny the allegations contained in Paragraph 63.

64.     Defendants deny the allegations contained in Paragraph 64.

65.     Defendants deny the allegations contained in Paragraph 65 and therefore deny the allegations.

66. Defendants deny the allegations contained in Paragraph 66 and therefore deny the allegations.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Paragraph 71 states a conclusion and does not require a response from Defendants. To the extent Defendants are required to respond to the allegations contained in Paragraph 71, Defendants deny the allegations.

72. Paragraph 72 states a conclusion and does not require a response from Defendants. To the extent Defendants are required to respond to the allegations contained in Paragraph 72, Defendants deny the allegations.

## VI. DAMAGES WERE CAUSED BY DEFECTIVE UPONOR PEX

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

75. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 75 and therefore deny the allegations.

76. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 76 and therefore deny the allegations.

77. Defendants deny the characterization or scope of failure as alleged in Paragraph 77 .

78. Defendants deny the characterization or scope of failure as alleged in Paragraph 78.

79. Defendants deny the characterization or scope of failure as alleged in Paragraph 79.

80. Defendants deny the characterization or scope of failure as alleged in Paragraph 80.

81. Defendants deny the characterization or scope of failure as alleged in Paragraph 81.

82. Defendants deny the characterization or scope of failure as alleged in Paragraph 82.

83. Defendants deny the characterization or scope of failure as alleged in Paragraph 83.

84. Defendants deny the characterization or scope of failure as alleged in Paragraph 84.

85. Defendants deny the characterization or scope of failure as alleged in Paragraph 85.

86. Defendants deny the characterization or scope of failure as alleged in Paragraph 86.

87. Defendants deny the characterization or scope of failure as alleged in Paragraph 87.

88. Defendants deny the characterization or scope of failure as alleged in Paragraph 88.

89. Defendants deny the characterization or scope of failure as alleged in Paragraph 89.

90. Defendants deny the allegations contained in Paragraph 90.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

94. Defendants deny the allegations contained in Paragraph 94.

95. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 95 and therefore deny the allegations.

96. Defendants deny the characterization or scope of failure as alleged in Paragraph 96.

97. Defendants deny the characterization or scope of failure as alleged in Paragraph 97.

98. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 98 and therefore deny the allegations.

99. Defendants deny the characterization or scope of failure as alleged in Paragraph 99.

100. Defendants deny the characterization or scope of failure as alleged in Paragraph 100.

101. Defendants deny the characterization or scope of failure as alleged in Paragraph 101.

102. Defendants deny the characterization or scope of failure as alleged in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny its actions caused or contributed to any losses or damages suffered by Plaintiffs and/or the putative Class as alleged in Paragraph 104.

105. Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106 and its subparts.

107. Defendants deny the allegations contained in Paragraph 107.

108. Defendants deny the allegations contained in Paragraph 108.

109. Defendants deny the allegations contained in Paragraph 109.

110. Defendants deny the allegations contained in Paragraph 110.

111. Defendants deny the allegations contained in Paragraph 111.

112. Defendants deny the allegations contained in Paragraph 112.

113. Defendants deny the allegations contained in Paragraph 113.

114. Defendants deny the allegations contained in Paragraph 114.

115. Defendants deny the allegations contained in Paragraph 115.

116. Defendants admit the allegations contained in Paragraph 116.

117. Defendants deny the allegations contained in Paragraph 117.

118. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 118 and therefore deny the allegations.

119. Defendants deny the allegations contained in Paragraph 119.

120. Defendants deny the allegations contained in Paragraph 120.

121. Defendants deny the allegations contained in Paragraph 121.

122. Defendants deny the allegations contained in Paragraph 122.

123. Defendants deny the allegations contained in Paragraph 123.

124. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 124 and therefore deny the allegations.

125. Defendants deny the allegations contained in Paragraph 125.

126. The document referenced in Paragraph 126 is a written document the terms of which speak for themselves.

127. To the extent this allegation is referencing the Uniform Plumbing Code, the language within the Code speaks for itself.

128. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 128 and therefore deny the allegations.

129.    To the extent the allegations reference the International Association of Plumbing and Mechanical Officials (IAPMO), the language within the Certificate of Listing speaks for itself. Defendants are also without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 129 and therefore deny the allegations.

130.    To the extent the allegations pertain to Uponor's website, the language within its website speaks for itself. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 130 and therefore deny the allegations.

131.    To the extent the allegations reference markings on the outside of Uponor PEX, the markings speak for themselves. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 131 and therefore deny the allegations.

132.    To the extent the allegations reference the IAPMO, the language regarding Uponor PEX speaks for itself. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 132 and therefore deny the allegations.

133.    To the extent the allegations reference the IAPMO, the language regarding Uponor PEX speaks for itself. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 133 and therefore deny the allegations.

134.    Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 134 and therefore deny the allegations.

135.    To the extent a Residential Plumbing Installation Guide references Uponor PEX, the guideline(s) within the Installation Guide speaks for itself. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 135 and therefore deny the allegations.

136. Defendants deny the incomplete characterization of Uponor's statements as alleged in Paragraph 136.

137. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 137 and therefore deny the allegations.

138. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 138 and therefore deny the allegations.

139. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 139 and therefore deny the allegations.

140. To the extent the allegations pertain to Uponor PEX print lines, the print lines on Uponor PEX speak for themselves. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 140 and therefore deny the allegations.

141. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 141 and therefore deny the allegations.

142. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 142 and therefore deny the allegations.

143. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 143 and therefore deny the allegations.

144. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 144 and therefore deny the allegations.

145. Defendants deny the allegations contained in Paragraph 145.

146. Defendants deny that they manufactured defective Uponor PEX which caused failures, leaks, and damages. Defendants are also without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 146 and therefore deny the allegations.

147. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 147 and therefore deny the allegations.

148. Defendants deny the allegations contained in Paragraph 148.

## VII. FRAUDULENT CONCEALMENT AND STATUTES OF LIMITATIONS/RESPONSE TOLLING

149. Paragraph 149 states a conclusion and therefore does not require a response from Defendants.

150. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 150 and therefore deny the allegations.

151. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 151 and therefore deny the allegations.

152. Defendants deny the allegations contained in Paragraph 152.

153. Defendants deny the allegations contained in Paragraph 153.

154. Defendants deny the allegations contained in Paragraph 154.

155. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 155 and therefore deny the allegations.

156. Defendants deny the allegations contained in Paragraph 156.

157. Defendants deny the allegations contained in Paragraph 157.

158. Defendants deny that they failed to disclose information they were under a duty to disclose as alleged in Paragraph 158.

159. Defendants deny the allegations contained in Paragraph 159.

13

160. Defendants deny the allegations contained in Paragraph 160.

161. Defendants deny the allegations contained in Paragraph 161.

162. Defendants deny the allegations contained in Paragraph 162.

163. Defendants deny the allegations contained in Paragraph 163.

164. Defendants deny the allegations contained in Paragraph 164.

165. Defendants deny the allegations contained in Paragraph 165.

166. Defendants deny the allegations contained in Paragraph 166.

167. Defendants deny the allegations contained in Paragraph 167.

168. Defendants deny the allegations contained in Paragraph 168.

169. Defendants deny the allegations contained in Paragraph 169.

170. Defendants deny the allegations contained in Paragraph 170.

171. To the extent the allegation references Uponor's marketing and advertising materials, the materials speak for themselves. Defendants deny the allegations contained in Paragraph 171. Defendants are also without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 171 and therefore deny the allegations.

172. Defendants deny the allegations contained in Paragraph 172.

173. Defendants deny the allegations contained in Paragraph 173.

174. To the extent the allegation references Uponor's marketing and advertising materials, the materials speak for themselves. Defendants deny the allegations contained in Paragraph 174.

175. Defendants deny the allegations contained in Paragraph 175.

176. Defendants deny the allegations contained in Paragraph 176.

177. Defendants deny the allegations contained in Paragraph 177.

178. Defendants deny the allegations contained in Paragraph 178.

179. Defendants deny the allegations contained in Paragraph 179.

180. Defendants deny the allegations contained in Paragraph 180.

181. Defendants deny the allegations contained in Paragraph 181.

182. Defendants deny the characterization of the testing as alleged in Paragraph 182.

183. Defendants deny the allegations contained in Paragraph 183.

184. Defendants deny the allegations contained in Paragraph 184.

185. Defendants deny the allegations contained in Paragraph 185.

186. Defendants deny the allegations contained in Paragraph 186.

187. Defendants deny the allegations contained in Paragraph 187.

188. Defendants deny the allegations contained in Paragraph 188.

189. Defendants deny the characterization of claims as alleged in Paragraph 189.

190. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 190, by use of the term "monitor", and therefore deny the allegations.

191. Defendants deny the allegations contained in Paragraph 191.

192. Defendants deny the allegations contained in Paragraph 192.

193. Defendants deny the allegations contained in Paragraph 193.

194. Defendants deny the allegations contained in Paragraph 194.

195. Defendants deny the allegations contained in Paragraph 195.

196. Defendants deny the allegations contained in Paragraph 196.

197. Defendants deny the allegations contained in Paragraph 197.

198. Defendants deny the allegations contained in Paragraph 198.

199. Defendants deny the allegations contained in Paragraph 199.

200. Defendants deny the allegations contained in Paragraph 200.

201. Defendants deny the allegations contained in Paragraph 201.

202. Defendants deny the allegations contained in Paragraph 202.

203. Defendants deny the allegations contained in Paragraph 203.

## VIII. CLASS ACTION ALLEGATIONS

204. To the extent that Paragraph 204 states a conclusion, it does not require a response from Defendants. To the extent Defendants are required to provide a response to Paragraph 204, Defendants deny the allegations.

205. Defendants deny any allegation of liability as stated in Paragraph 205.

206. Defendants deny the allegations contained in Paragraph 206.

207. Paragraph 207 states a conclusion of law to which no response is required. Defendants deny liability to Plaintiffs.

208. To the extent that Paragraph 208 states a conclusion, it does not require a response from Defendants. To the extent Defendants are required to provide a response to Paragraph 208, Defendants deny the allegations.

209. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 209 and therefore deny the allegations.

210. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 210 concerning the manner in which the product was sold to Plaintiffs and therefore deny the allegations.

211. Defendants deny the allegations contained in Paragraph 211.

212. Defendants deny the allegations contained in Paragraph 212.

213. The allegations contained in Paragraph 213 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent response is required they are denied.

214. The allegations contained in Paragraph 214 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent response is required they are denied.

215. To the extent that Paragraph 215 states a legal conclusion, it does not require a response from Defendants. To the extent Defendants are required to provide a response to Paragraph 215, Defendants deny the allegations.

216. Paragraph 216 states a legal conclusion and therefore does not require a response from Defendants. To the extent response is required the allegations are denied.

217. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 217 and therefore deny the allegations.

218. Defendants deny the allegations contained in Paragraph 218.

219. Defendants deny the allegations contained in Paragraph 219.

220. Defendants deny the allegations contained in Paragraph 220.

221. Defendants deny the allegations contained in Paragraph 221.

222. Defendants deny the allegations contained in Paragraph 222.

223. Defendants deny the allegations contained in Paragraph 223.

224. Defendants deny the allegations contained in Paragraph 224.

225. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 225 and therefore deny the allegations.

226. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 226 and therefore deny the allegations.

227. Defendants deny the allegations contained in Paragraph 227.

228. Defendants deny the allegations contained in Paragraph 228.

229. Defendants deny the allegations contained in Paragraph 229.

230. To the extent the allegations identify Uponor's PEX requirements within the IAPMO Certificate of Listing, Uponor's PEX markings speak for themselves. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 230 and therefore deny the allegations.

231. To the extent the allegations identify Uponor's PEX requirements within the IAPMO Certificate of Listing, Uponor's PEX markings speak for themselves.

232. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 232 and therefore deny the allegations.

233. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 233 and therefore deny the allegations.

234. Defendants deny the allegations contained in Paragraph 234.

235. Defendants deny the allegations contained in Paragraph 235.

236. To the extent that Paragraph 236 states a conclusion, it does not require a response from Defendants. To the extent Defendants are required to provide a response to Paragraph 236, Defendants deny the allegations.

237. Defendants deny the allegations contained in Paragraph 237.

238. Defendants deny the allegations contained in Paragraph 238 and its subparts.

239. Defendants deny the allegations contained in Paragraph 239.

240. Defendants deny the allegations contained in Paragraph 240.

241. Defendants deny the allegations contained in Paragraph 241.

242. Defendants deny the allegations contained in Paragraph 242.

243. Defendants deny the allegations contained in Paragraph 243.

244. Defendants deny the allegations contained in Paragraph 244.

245. Defendants deny the allegations contained in Paragraph 245.

246. Defendants deny the allegations contained in Paragraph 246.

247. Defendants deny the allegations contained in Paragraph 247.

248. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 248 and therefore deny the allegations.

249. Defendants deny the allegations contained in Paragraph 249.

250. Defendants deny the allegations contained in Paragraph 250.

## IX. CLARIFICATION OF RELIEF NOT SOUGHT

251. Defendants deny the allegations contained in Paragraph 251.

## X. CAUSES OF ACTION

### COUNT I - STRICT PRODUCT LIABILITY
**(Plaintiffs, on behalf of themselves and all others similarly situated, Against All Defendants)**

252. Defendants restate and incorporate by reference their answers to Paragraphs 1 through 251 above as though fully stated herein.

253. Defendants admit that Uponor, Inc., manufactures "PEX" which is sold to distributors/wholesalers who sell the products to end-users throughout the United States, including in Tennessee, but deny the remaining allegations contained in Paragraph 253, and deny the allegations entirely to the extent they are directed towards Uponor North America, Inc., and Uponor Corporation.

254. Defendants deny the allegations contained in Paragraph 254.

255. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 255 and therefore deny the allegations.

19

256. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 256 and therefore deny the allegations.

257. Defendants deny the allegations contained in Paragraph 257.

258. Defendants deny the allegations contained in Paragraph 258.

## COUNT II - STRICT PRODUCT LIABILITY FOR DESIGN DEFECT
**(Plaintiffs, on behalf of themselves and all others similarly situated, Against All Defendants)**

259. Defendants restate and incorporate by reference their answers to Paragraphs 1 through 258 above as though fully stated herein.

260. Defendants deny the allegations contained in Paragraph 260.

261. Defendants admit that Uponor, Inc., designed, formulated, manufactured, distributed, supplied, and/or sold "PEX", but deny the remaining allegations contained in Paragraph 261, and deny the allegations entirely to the extent they are directed towards Uponor North America, Inc., and Uponor Corporation.

262. Defendants deny the allegations contained in Paragraph 262.

263. Defendants deny the allegations contained in Paragraph 263.

264. Defendants deny the allegations contained in Paragraph 264.

265. Defendants deny the allegations contained in Paragraph 265.

266. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 266 and therefore deny the allegations.

267. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 267 and therefore deny the allegations.

268. Defendants deny the allegations contained in Paragraph 268.

## COUNT III - NEGLIGENCE

20

**(Plaintiffs, on behalf of themselves and all others similarly situated, Against All Defendants)**

269. Defendants restate and incorporate by reference their answers to Paragraphs 1 through 268 above as though fully stated herein.

270. Defendants deny the allegations contained in Paragraph 270.

271. Defendants deny the allegations contained in Paragraph 271.

272. Defendants deny the allegations contained in Paragraph 272.

273. Defendants deny the allegations contained in Paragraph 273.

274. Defendants deny the allegations contained in Paragraph 274.

275. Defendants deny the allegations contained in Paragraph 275.

276. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 276 and therefore deny the allegations.

277. Defendants deny the allegations contained in Paragraph 277.

278. Defendants deny the allegations contained in Paragraph 278.

279. Defendants deny the allegations contained in Paragraph 279.

## COUNT IV – FRAUDULENT CONCEALMENT
**(Plaintiffs, on behalf of themselves and all others similarly situated, Against All Defendants)**

280. Defendants restate and incorporate by reference their answers to Paragraphs 1 through 279 above as though fully stated herein.

281. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 281 and therefore deny the allegations.

282. Defendants deny the allegations contained in Paragraph 282.

283. Defendants deny the allegations contained in Paragraph 283.

284. Defendants deny the allegations contained in Paragraph 284.

21

285. Defendants deny the allegations contained in Paragraph 285.

286. Defendants deny the allegations contained in Paragraph 286.

287. Defendants deny the allegations contained in Paragraph 287.

288. Defendants deny the allegations contained in Paragraph 288.

289. Defendants deny the allegations contained in Paragraph 289.

290. Defendants deny the allegations contained in Paragraph 290.

291. Defendants deny the allegations contained in Paragraph 291.

292. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 292 and therefore deny the allegations.

293. Defendants deny the allegations contained in Paragraph 293.

294. Defendants deny the allegations contained in Paragraph 294.

## COUNT V – NEGLIGENT MISREPRESENTATION

**(Plaintiffs, on behalf of themselves and all others similarly situated, Against All Defendants)**

295. Defendants restate and incorporate by reference their answers to Paragraphs 1 through 294 above as though fully stated herein.

296. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 296 and therefore deny the allegations.

297. Defendants deny the allegations contained in Paragraph 297.

298. Defendants deny the allegations contained in Paragraph 298.

299. Defendants deny the allegations contained in Paragraph 299.

300. Defendants deny the allegations contained in Paragraph 300.

301. Defendants deny the allegations contained in Paragraph 301.

302. Defendants deny the allegations contained in Paragraph 302.

22

303. Defendants deny the allegations contained in Paragraph 303.

304. Defendants deny the allegations contained in Paragraph 304.

305. Defendants deny the allegations contained in Paragraph 305.

306. Defendants deny the allegations contained in Paragraph 306.

307. Defendants deny the allegations contained in Paragraph 307.

308. Defendants deny the allegations contained in Paragraph 308.

309. Defendants deny the allegations contained in Paragraph 309.

310. Defendants deny the allegations contained in Paragraph 310.

**COUNT VI – TENNESSEE CONSUMER PROTECTION ACT CLAIM**
**(Plaintiffs, on behalf of themselves and all others similarly situated, Against All Defendants)**

311. Defendants restate and incorporate by reference their answers to Paragraphs 1 through 310 above as though fully stated herein.

312. The allegations contained in Paragraph 312 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

313. The allegations contained in Paragraph 313 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

314. The allegations contained in Paragraph 314 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

315. The allegations contained in Paragraph 315 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

316. The allegations contained in Paragraph 316 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

317. The allegations contained in Paragraph 317 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

318. The allegations contained in Paragraph 318 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

319. The allegations contained in Paragraph 319 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

320. The allegations contained in Paragraph 320 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

321. The allegations contained in Paragraph 321 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

322. The allegations contained in Paragraph 322 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

323. The allegations contained in Paragraph 323 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

324. The allegations contained in Paragraph 324 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

325. The allegations contained in Paragraph 325 are subject to Defendants' Motion to Dismiss. Therefore, no response is required. To the extent that response is required, Defendants deny the allegations.

326. All allegations of the FAC not heretofore admitted or denied are here and now denied.

<u>RESPONSE TO PRAYER FOR RELIEF</u>

Defendants deny that Plaintiffs are entitled to any relief sought in the Prayer for Relief.

<u>RESPONSE TO JURY DEMAND</u>

Defendants admit that Plaintiffs have demanded a trial by jury on all issues so triable.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants reserve the right to rely upon any of the following or any additional defenses to each claim for relief asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or by evidence at trial.

**FIRST DEFENSE**

1. The FAC fails to state a claim upon which relief can be granted against Defendants.

**SECOND DEFENSE**

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of

limitations and/or statutes of repose, including but not limited to TCA §§ 28-3-104, 28-3-105, and 28-3-202.

## THIRD DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

## FOURTH DEFENSE

4.      The proximate cause of Plaintiffs' alleged injuries was a modification or alteration of the product at issue, which was not reasonably expected by Defendants.  Any injuries or expenses incurred by Plaintiffs were not caused by Defendants, but may have been proximately caused, in whole or part, by the unforeseen alteration, unintended use, misuse or abuse of the product referenced in the FAC.

## FIFTH DEFENSE

5.      Plaintiffs' claims are barred because the product at issue was not defective or unreasonably dangerous for its ordinary and foreseeable use.

## SIXTH DEFENSE

6.      The injuries, damages, and losses alleged in the FAC, none being admitted, were caused in whole or in part by the negligence of the Plaintiffs and/or others, over whom Defendants exercised no control, had no opportunity to anticipate or right to control, and with whom Defendants had no legal relationship by which liability could be attributed to it because of the actions of the Plaintiffs and/or others, which, by comparison was far greater than any conduct alleged as to Defendants.

## SEVENTH DEFENSE

7. Plaintiffs' claims against Defendants are barred because Plaintiffs knowingly and voluntarily assumed and/or incurred the risk of injury and Plaintiffs' claims are barred or should be reduced under the principles of assumption of risk, informed consent, and/or knowledgeable user.

## EIGHTH DEFENSE

8. Plaintiffs' breach of warranty claims are barred because Plaintiffs failed to give timely notice of any alleged breach of warranty to Defendants; Plaintiffs did not reasonably rely upon any alleged warranty; Plaintiffs failed to satisfy all conditions precedent or subsequent to the enforcement of such alleged warranty; the warranty appropriately disclaimed implied warranties, including the implied warranties of merchantability and fitness for particular use and implied warranty of habitability; the warranty expressly disclaimed any losses, expenses, inconveniences, and special, indirect, secondary, incidental or consequential damages; and Plaintiffs are bound to the warranty pursuant to TCA §§ 47-2-607(3)(a), 47-2-314, 47-2-315, 47-2-316, and 47-2-318.

## NINTH DEFENSE

9. Defendants did not breach any implied warranties or any warranties created by law.

## TENTH DEFENSE

10. The injuries or damages alleged by Plaintiffs can be attributed to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any. To the extent that the alleged harm was caused by Plaintiffs or third-parties, any recovery should be reduced or barred according to the percentage of fault assessed to Plaintiffs or those third parties in accordance with doctrine or modified comparative fault as adopted in Tennessee.

**ELEVENTH DEFENSE**

11.     Plaintiffs' alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by Plaintiffs' failure to exercise reasonable care and diligence to mitigate Plaintiffs' alleged damages.

**TWELFTH DEFENSE**

12.     Any verdict or judgment rendered against Defendants must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source.

**THIRTEENTH DEFENSE**

13.     If Plaintiffs sustained the injuries and damages alleged in the FAC, such injuries may have resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Defendants.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the applicable contributory and/or comparative negligence standard.  Defendants reserve their right to name potentially liable non-parties under TCA § 29-11-101 et seq.

**FOURTEENTH DEFENSE**

14.     Plaintiffs may have failed to join all indispensable parties, in which case it may not be possible to accord complete relief to the parties that are already parties to this action and Plaintiffs' failure to join all indispensable parties could result in prejudice.

**FIFTEENTH DEFENSE**

15.     To the extent that Plaintiffs seek punitive or exemplary damages for an alleged act or omission of Defendants, no act or omission was fraudulent, malicious, willful, or wanton under TCA § 29-39-104, and therefore, any award of punitive or exemplary damages is barred.

28

## SIXTEENTH DEFENSE

16. To the extent that Plaintiffs seek punitive or exemplary damages, such damages are in violation of and are barred by the Constitution of the United States and/or the applicable Constitutions of any other State or Commonwealth of the United States whose laws may be deemed controlling in this case, and common law, public policy, and applicable statutes and court rules.

## SEVENTEENTH DEFENSE

17. Defendants are entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in Tennessee and/or any other law or statute that may be applicable.

## EIGHTEENTH DEFENSE

18. Plaintiffs' claims are limited by the Tennessee Code, including but not limited to TCA § 29-39-101 et seq., and by the statutory presumptions set forth in TCA § 29-28-101 et seq.

## NINETEENTH DEFENSE

19. To the extent Tennessee law is held to apply, Plaintiffs' claims for non-economic damages are subject to limitations set forth in TCA § 29-39-102.

## TWENTIETH DEFENSE

20. Defendants assert that choice of law rules should determine which jurisdiction's laws govern this case, and expressly reserves the right to supplement this answer with any defenses that may be available to it under the law of the jurisdictions determined to apply to it in accordance with choice of law rules.

## TWENTY-FIRST DEFENSE

29

21.     Defendants reserve the right to amend their Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

## TWENTY-SECOND DEFENSE

22.     Plaintiffs are barred, in whole or in part, from alleging violations of the Tennessee Consumer Protection Act (TCPA) as the TCPA explicitly prohibits class action lawsuits.

Dated:  November 11, 2025                    Respectfully submitted,

/s/ *M. Andrew Pippenger*

M. Andrew Pippenger, BPR 018183
Puryear Pippenger & Cook PLLC
104 Woodmont Blvd, Suite 201
Nashville, TN 37205
Telephone: (423) 521-1201
apippenger@ppclaw.com

*Attorney for Defendant Uponor, Inc., Uponor North America, Inc., and Uponor Corporation*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF filing system which automatically sends email notifications of such filing to the following attorneys of record:


Andrew J. Pulliam (Tenn. BPR No. 016863)
James C. Bradshaw III (Tenn. BPR No. 013170)
J. Graham Matherne (Tenn. BPR No. 011294)
Ann Weber Langley (Tenn. BPR No. 038070)
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1050
Nashville Tennessee 37201
Telephone: (615) 244-0020
Fax: (615) 256-1726
Email: apulliam@wyattfirm.com
Email: jbradshaw@wyattfirm.com
Email: gmatherne@wyattfirm.com
Email: alangley@wyattfirm.com

*Attorneys for Plaintiffs*

/s/ M. Andrew Pippenger
M. Andrew Pippenger